955 F.2d 764
 139 L.R.R.M. (BNA) 2672, 293 U.S.App.D.C. 436
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
J.R.R. REALTY CO. and Holland House Tenants Corp., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 91-1159.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 21, 1992.
 
 Before MIKVA, Chief Judge, and RUTH B. GINSBURG and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on petition for review and cross application for enforcement of an order of the National Labor Relations Board, and on the briefs filed by the parties and arguments by counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the petition for review be denied and that the Board's supplemental order, reported at 301 NLRB No. 67 (January 31, 1991), be enforced.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 This is a backpay proceeding, supplementing the National Labor Relations Board's decision and order in the underlying unfair labor practice case, Chaim Babad, Bernard Steinmetz & Emanuel Steinmetz, 273 NLRB 1523 (January 22, 1985). The Board found that in 1981, J.R.R. Realty fired all six of its union apartment building employees in violation of the National Labor Relations Act. That decision was enforced in full by the United States Court of Appeals for the Second Circuit. NLRB v. Babad, 785 F.2d 46 (2d Cir.1986). The Board then ordered J.R.R. Realty and its successor, Holland House Tenants Corporation, to compensate the discharged employees, the replacement employees, and the Union's health and pension fund. Chaim Babad, Bernard Steinmetz & Emanuel Steinmetz & Holland House Tenants Corp. & Local 32B-32J, AFL-CIO, 301 NLRB No. 67 (January 31, 1991). The Companies challenge the remedial order.
 
 
 5
 "The Board has broad authority to devise remedies which will 'effectuate the policies' of the National Labor Relations Act, and its 'choice of remedies is entitled to a high degree of deference by a reviewing court.' " St. Francis Fed'n of Nurses & Health Professionals v. NLRB, 729 F.2d 844, 849 (D.C.Cir.1984) (citation omitted).
 
 
 6
 In light of our traditional deference to the Board's remedial orders, we reject the Companies' argument that the Board abused its discretion when it ordered the Companies to make the funds whole. The Board's order in the underlying unfair labor practice case clearly requires J.R.R. Realty and its successors to "honor and give retroactive effect from April 1, 1981, to the terms and conditions of the collective bargaining contract with the Union, including payment of wages and benefits as prescribed " in the contract. 273 NLRB at 1529 (emphasis added). The lost benefits are to be paid "in accordance with the terms and conditions of employment set forth in the contract," which expressly required J.R.R. Realty to contribute to the Union's health and pension funds on behalf of unit employees. Id. at 1528-29.
 
 
 7
 Since the Board's original order requires the Companies to honor the 1981 contract, the Board did not abuse its discretion when it ordered them to make the union whole for lost pension and health benefits on behalf of the six employees. Under the Board's solution, the Companies do not profit from their wrongdoing, and the fund is maintained actuarially. See Stone Boat Yard v. NLRB, 715 F.2d 441, 446 (9th Cir.1983). The Companies also complain that they should be liable for the benefit only to the extent that claims were actually made against the fund. But pension and health benefits are forward-looking by nature. Even if the union fund meets "the present needs of its employees, the diversion of contributions from the union funds undercut the ability of those funds to provide for future needs." Id.
 
 
 8
 The Companies also challenge the Board's interpretation of the underlying contract, which they correctly argue does not deserve deference. "We would risk the development of conflicting principles were we to defer to the Board in its interpretation of the contract, as distinct from its devising a remedy for the unfair labor practice that follows from a breach of contract." See Litton Fin. Printing Div. v. NLRB, 111 S.Ct. 2215, 2223 (1991). The contract provides that contributions shall be increased annually as provided "in the 1981 Commercial Building Agreement (or its successor)." The Companies would interpret the language of the contract to mean that they are required to pay only the increases contained in the 1981 Commercial Building Agreement. But this would make the subsequent phrase "(or its successor)" meaningless. See Retail Clerks Int'l Ass'n v. NLRB, 510 F.2d 802, 806 n. 15 (D.C.Cir.1975) ("It is a settled rule of contract interpretation that contract language should not be interpreted to render the contract promise illusory or meaningless."). Even under de novo review, we uphold the Board's interpretation.
 
 
 9
 The Companies have three other broad arguments, all of which we reject. First, Holland House argues that even if J.R.R. Realty is obliged to comply with the Board's order, Holland House is not required to comply. But Holland House is clearly the successor to J.R.R., and it admitted below that it took control with knowledge of J.R.R.'s entanglement with the NLRB. We hold, therefore, that it is liable. See Golden State Bottling Co. v. NLRB, 414 U.S. 168, 171 n. 2 (1973) ("[O]ne who acquires and operates a business of an employer found guilty of unfair labor practices in basically unchanged form under circumstances which charge him with notice of unfair labor practice charges against his predecessor should be held responsible for remedying his predecessor's unlawful conduct.") (citation omitted).
 
 
 10
 Second, the Companies argue that they are not liable to the replacement employees; but we conclude that they have waived the argument by failing to raise it below. Section 10(3) of the National Labor Relations Act, 29 U.S.C. 160(e), provides that "no objection that has not been urged before the Board ... shall be considered by the court." This Court is therefore "without jurisdiction" to review the matter. Woelke & Romero Framing, Inc. v. NLRB, 456 U.S. 645, 665-66 (1982).
 
 
 11
 Third, the Companies contest the award of liquidated damages, arguing that the Board's order is not "mandated" because the bargaining agreement and the Declaration of Trust granted "sole and absolute discretion" for assessing liquidated damages to the fund's trustees. But the Board's order does not infringe on the trustees' authority. On the contrary, the Board specifically left the decision about whether to award liquidated damages in the hands of the trustees.
 
 
 12
 Accordingly, we deny the petition for review and enforce the Board's supplemental order.